UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KALIAH BLACKWELL and S.N.,

                Plaintiffs,

      - against -

RYDER TRUCK RENTAL, INC. and LUIS
HERNANDEZ,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-5561 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On October 1, 2019, Defendants Ryder Truck Rental, Inc. and Luis Hernandez filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiffs allege that on May 19, 2019 they were injured when the motor vehicle they were in was struck by a motor vehicle owned by Ryder Truck Rental, Inc. and operated by Hernandez. (Complaint, Dkt. 1-1, ¶¶ 10−11, 13.) Plaintiffs' complaint states that "the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" (*id.* at 6), but does not specify any specific damages amount.

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 6.) The Notice alleges that Plaintiffs are citizens of Maryland, Defendant Ryder Truck Rental, Inc. is a citizen of Florida, and Defendant Hernandez is a citizen of New York. (*Id.* ¶ 3.) With respect to the amount in

controversy, the Notice only states that "[t]o date, plaintiffs' counsel has not agreed to cap damages to $75,000." (*Id.* ¶ 8.) Thus far, Plaintiffs have not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiffs. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "plaintiffs' counsel has not agreed to cap damages to $75,000" (Notice, Dkt. 1, ¶ 8) without providing any factual allegations to support the conclusion that the amount in controversy exceeds $75,000. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because the allegation that "[the p]laintiff's counsel declined an agreement to cap [] damages at $74,999.99" "is insufficient to establish that the jurisdictional amount required by § 1332 is satisfied"). Furthermore, here, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiffs' complaint], because the [c]omplaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiffs allege that they were damaged "in the sum which exceeds the jurisdictional limits of all lower Courts." (Complaint, Dkt. 1-1, ¶¶ 19, 24, 26.) This mention of the "lower Courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (internal citation omitted); *see id.* at *2 n.3 (collecting cases).

Finally, neither the complaint nor the Notice contains any further information specifying the nature and extent of Plaintiffs' injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied. Plaintiffs' general allegations that they "suffer[ed] a 'serious injury' as that term is defined in subdivision 4 of Section

5102(d) of the Insurance Law of the State of New York," and that they "suffered and will continue to suffer, pain and agony in mind and body and were unable to attend to [their] duties" (Complaint, Dkt. 1-1, ¶¶ 19, 24) are not enough. *See Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Accordingly, the Court finds that Defendants' allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction.[1] Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 518792/2019, for lack of federal subject matter jurisdiction.

---

[1] The Court notes that Defendants are "not without recourse to determine the amount of damages Plaintiff[s] seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff[s] to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 18, 2019
      Brooklyn, New York